IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TRANSPACIFIC TIRE & WHEEL,
INC.

    v.    :  Civil Action No. DKC 2006-0187

ORTECK INTERNATIONAL, INC.

**MEMORANDUM OPINION**

Presently pending and ready for review in this commercial contract case are: (1) the motion by Orteck International, Inc. ("Orteck") to stay execution of the judgment and to waive the supersedeas bond during pendency of appeal (Paper 78), (2) the motion by Orteck to seal its motion to stay, memorandum of law, and attached tax returns (Paper 79), and (3) the parties' joint motion for final judgment (Paper 81). The issues have been briefed and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the parties' joint motion will be granted, Orteck's motion to seal will be granted in part and denied in part, and Orteck's motion to stay execution of the judgment and to waive the supersedeas bond during pendency of appeal will be denied.

I.  **Background**

The facts of this case are fully stated in the court's last memorandum opinion and order. (Papers 70 and 71). On March 30,

2010, the court granted a motion for summary judgment filed by TransPacific Tire & Wheel, Inc. ("TransPacific") on Counts One, Two, and Eleven of TransPacific's complaint and entered judgment in the amount of $2,200,360.71, plus prejudgment interest. (Papers 70 and 71). On April 26, 2010, Orteck filed a notice of appeal. (Paper 76). On April 27, 2010, Orteck filed a motion to stay execution of the judgment and to waive the supersedeas bond during pendency of appeal. (Paper 78). On May 4, 2010, the parties filed a joint motion for final judgment. (Paper 81).

## II. Joint Motion for Final Judgment

The parties move for an order entering final judgment under Fed.R.Civ.P. 54(b) on Counts One, Two, and Eleven of TransPacific's complaint and the $2,200,360.71, plus prejudgment interest. (Paper 81 ¶ 11). The parties note:

> TransPacific has already been awarded the full amount of compensatory damages TransPacific sought in all of its claims against Orteck. Unless Orteck's appeal results in a reversal of the Court's March 30, 2010 Order, TransPacific does not intend to seek any further compensatory or punitive damages or pursue any of its other claims against Orteck.

(*Id.* at ¶ 10). The parties also ask, "pursuant to Fed.R.Civ.P. 41(a)(2), for an order dismissing TransPacific's remaining claims without prejudice, subject to their reinstatement in the

2

event of a reversal of the Court's March 30, 2010 Order." (*Id.* at ¶ 16).

Fed.R.Civ.P. 54(b) provides:

> When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Because of the importance of preventing piecemeal appeals of a case, a "Rule 54(b) certification is recognized as the exception rather than the norm. It should neither be granted routinely, nor as an accommodation to counsel." *Braswell Shipyards, Inc. v. Beazer East, Inc.*, 2 F.3d 1331, 1335 (4th Cir. 1993)(citation omitted). Furthermore, "it is settled that certification of a judgment as to a claim or party in a multi-claim or multi-party suit is disfavored in the [United States Court of Appeals for the] Fourth Circuit." *Bell Microproducts, Inc. v. Global-Insync, Inc.*, 20 F.Supp.2d 938, 942 (E.D.Va. 1998).

To make a proper Rule 54(b) certification, a district court must take two steps:

> (1) determine whether the judgment is "final" . . . in the sense that it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action[,]" [and] . . .

> (2) determine whether there is no just reason for the delay in the entry of judgment.

*Braswell Shipyards*, 2 F.3d at 1335 (citing *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 7-8 (1980)(internal citations omitted)). The Fourth Circuit has explained that, in making this case-specific determination, the district court should consider the following factors if applicable:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Braswell Shipyards*, 2 F.3d at 1335-36 (citations omitted). To qualify as a "final judgment":

> It must be a "judgment" in the sense that it is a decision upon a cognizable claim for relief, and it must be "final" in the sense that it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action."

*Curtiss-Wright*, 466 U.S. at 7 (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)).

Here, the grant of summary judgment in favor of TransPacific on Counts One, Two, and Eleven constitutes a final judgment. Thus, the remaining question is whether "there is no just reason for delay." Fed.R.Civ.P. 54(b). In making such a determination, the court "must take into account judicial administrative interests as well as the equities involved." *Curtiss-Wright*, 446 U.S. at 8. As the Supreme Court has cautioned, Rule 54(b) certification is not something to be granted lightly, but a "remedy [that] should be reserved for the infrequent harsh case." *Id.* at 5.

There is no just reason to delay final judgment in this action. TransPacific has represented that it will not pursue its remaining claims absent a reversal, so the relationship between the adjudicated and unadjudicated claims counsels in favor of a Rule 54(b) certification. Additionally, future developments in the district court will not moot the need for review by the Fourth Circuit of the Court's March 30, 2010 order, and a Rule 54(b) certification would not result in the Fourth Circuit being asked to consider the same issues a second time. There is no possibility of set-off against the judgment entered in favor TransPacific in this matter because Orteck has not asserted any counterclaims and the counterclaims that Orteck sought to reserve the right to assert in its answer were

5

identical to its claims in *Orteck International, Inc., et al. v. TransPacific Tire & Wheel, Inc., et al.*, No. 8:05-cv-2882-DKC (D.Md. filed Oct. 21, 2005), and the court has entered final judgment on all of those claims. Finally, entering final judgment on Counts One, Two, and Eleven of TransPacific's complaint will reduce the time and expense of litigating claims that will be abandoned if the court's March 30, 2010 is affirmed.

Accordingly, the parties' joint motion for final judgment will be granted. Additionally, TransPacific's remaining claims will be dismissed without prejudice, subject to their reinstatement in the event of a reversal of the court's March 30, 2010 order.

**III. Motion to Seal**

Orteck asks the court to seal its motion to stay, its memorandum of law related to that motion, and the tax returns it attached to that motion. (Paper 79). Orteck's motion must comply with Local Rule 105.11, which provides:

> Any motion seeking the sealing of pleadings, motions, exhibits or other papers to be filed in the Court record shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protections. The Court will not rule upon the motion until at least 14 days after it is entered on the public docket to

> permit the filing of objections by interested parties. Materials that are the subject of the motion shall remain temporarily sealed pending a ruling by the Court. If the motion is denied, the party making the filing will be given an opportunity to withdraw the materials.

There is also a well-established common law right to inspect and copy judicial records and documents. *See Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978). If competing interests outweigh the public's right of access, however, the court may, in its discretion, seal those documents from the public's view. *See In re Knight Publishing Co.*, 743 F.2d 231, 235 (4th Cir. 1984).

Furthermore, prior to sealing any documents, the court must provide notice of counsel's request to seal and an opportunity to object to the request before making its decision. *Id*. Either notifying the persons present in the courtroom or docketing the motion "reasonably in advance of deciding the issue" will satisfy the notice requirement. *Id*. at 234. Finally, the court should consider less-drastic alternatives, such as filing redacted versions of the documents. If the court decides that sealing is appropriate, the court should provide reasons, supported by specific factual findings, for its decision to seal and for rejecting alternatives. *Id*. at 235.

Here, Orteck asks the court to seal its motion to stay, its memorandum of law related to that motion, and the tax returns it attached to that motion "[p]ursuant to Fed.R.Civ.P. 5.2(d)" "so that they do not have to be redacted." (Paper 79, at 1). Orteck's motion to seal is unopposed.

While Orteck's tax returns may contain confidential information, Orteck has not provided a compelling reason that its motion to stay and accompanying memorandum of law should be sealed. As discussed below, those documents are lacking in detail and reveal nothing of a confidential nature. Therefore, Orteck's motion to seal will be granted in part, as to the tax returns attached to its motion to stay, and denied in part, as to its motion to stay and the accompanying memorandum of law.

**IV. Motion to Stay Execution of the Judgment and to Waive the Supersedeas Bond During Pendency of Appeal**

Orteck asks the court to stay the execution of its March 30, 2010 judgment and waive the requirement for Orteck to post a supersedeas bond during the pendency of Orteck's appeal of the court's order. Orteck notes, "While the filing of a bond is not a prerequisite to a party exercising its right to an appeal, it is an option that the party can exercise in order to stay execution during the pendency of its appeal under Fed.R.Civ.P. 62(d)." (Paper 78, at 1). Orteck argues that a district court may waive the requirement for a party to file a bond when "the

8

judgment debtor's present financial condition is such that the posting of a full bond would impose an undue financial burden." (Paper 78, Attach. 1, at 2)(citing *Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979). Orteck asserts that in this case "the judgment . . . could very well exceed $3,000,000 (Three Million Dollars) when costs, attorney's fees and interest are calculated. [Orteck] has less than $50,000 in assets and had $0 in gross receivable assets in 2008." (Paper 78, Attach. 1, at 2)(citing Attach. 4). Orteck contends that a court may consider "[p]reventing the insolvency of a judgment debtor" "in deciding whether to waive a bond" and that "[t]he requirement to purchase a bond by Orteck [] would destroy the company." Orteck requests that the court waive the requirement to file a bond pursuant to Fed.R.Civ.P. 62.

TransPacific counters that Orteck's tax returns are insufficient evidence to satisfy Orteck's burden of establishing undue financial hardship. TransPacific asserts that the Veen family, which owns Orteck, "control[s] a network of affiliated companies and routinely obtain[s] loans or credit for one of these entities secured by their personal holdings or by the assets of one of the other entities." (Paper 80, at 6). TransPacific argues, "The Veens' personal assets and the assets

9

of the various companies that they control could be used to secure a supersedeas bond for Orteck." (*Id.*). TransPacific represents that the Veen family owns and controls fifteen companies, and TransPacific notes ten occasions when the Veens have drawn on the equity or assets of one of their companies for the benefit of another, including Orteck. (*Id.* at 7-8).

Furthermore, TransPacific argues that Orteck has fraudulently transferred its business and assets to a company, "Orteck Global," which was established in April 2004. (*Id.* at 10-13). TransPacific insists that the Veens conveyed Orteck's business to Orteck Global "to avoid paying a judgment in this case." (*Id.* at 10). TransPacific contends that, absent a stay of execution, it would be able to exercise its statutory right to garnish and levy on all assets fraudulently conveyed by Orteck to Orteck Global or other entities or persons if Orteck does not pay the judgment. TransPacific argues that an unsecured stay of execution might "increas[e] the complexity of proceedings in aid of execution . . . ." because the Veens might "continue shifting assets." (*Id.* at 14). TransPacific concludes that an unsecured stay of execution would not preserve the status quo during the pendency of Orteck's appeal. TransPacific asks that, at a minimum, the court require Orteck

to provide a partial bond and some form of alternative security. (*Id.* at 16).

Fed.R.Civ.P. 62(d) provides that "[i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond. . . ." and that "[t]he stay takes effect when the court approves the bond." A full supersedeas bond is normally required to preserve the status quo during appeal and preserve the ability of the judgment creditor to execute on the judgment. *Hoffman v. O'Brien*, Civil No. WDQ-06-3447, 2009 WL 3216814, at *1 (D.Md. Sept. 28, 2009)(citing *Fed. Prescription Servs., Inc. v. American Pharm Ass'n*, 636 F.2d at 755, 761 (D.C.Cir. 1980)). Local Rule 110(1)(a) provides, "Unless otherwise ordered by the Court, the amount of any supersedeas bond filed to stay execution of a money judgment pending appeal shall be 120% of the amount of the judgment plus an additional $500 to cover costs on appeal."

The Fourth Circuit "has not adopted any particular standard to guide a District Court's discretion in granting unsecured stays," though every circuit that has addressed the issue has found that district courts have discretion to issue "a stay on the basis of some lesser bond, or indeed, no bond." *CapitalSource Fin. LLC v. Pittsfield Weaving Co.*, Civil Action No. AW-06-2028, 2008 WL 3850385, at *2 (D.Md. Mar. 7, 2008);

*Alexander v. Chesapeake, Potomac, & Tidewater Books, Inc.*, 190 F.R.D. 190, 192 (E.D.Va. 1999). Several district courts in the Fourth Circuit have followed the United States Court of Appeals for the Fifth Circuit's holding in *Poplar Grove*, 600 F.2d 1189, 1190-91, that, in exercising its discretion, the district court must act to "preserve the status quo while protecting the non-appealing party's rights pending appeal." A supersedeas bond "secures the prevailing party against any loss sustained as a result of being forced to forgo execution on a judgment during the course of an ineffectual appeal." *Id.* at 1191.

"A bond may not be necessary when either: '(1) the judgment debtor can easily meet the judgment and demonstrates that it will maintain the same level of solvency during the appeal, [or] (2) when the judgment debtor's present financial condition is such that the posting of a full bond would impose an undue financial burden.'" *Hoffman*, 2009 WL 3216814, at *2 (citing *Poplar Grove*, 600 F.2d at 1191). As to the second reason, the Fifth Circuit elaborated:

> [I]f the judgment debtor's present financial condition is such that the posting of a full bond would impose an undue financial burden, the court . . . is free to exercise a discretion to fashion some other arrangement for substitute security through an appropriate restraint on the judgment debtor's financial dealings, which would furnish equal protection to the judgment creditor.

12

*Poplar Grove*, 600 F.2d at 1191. The Fifth Circuit explained that the party moving for a waiver of the bond requirement bears the burden of justifying the waiver:

> If a court chooses to depart from the usual requirement of a full security supersedeas bond to suspend the operation of an unconditional money judgment, it should place the burden on the moving party to objectively demonstrate the reasons for such a departure. It is not the burden of the judgment creditor to initiate contrary proof. Such a supersedeas bond is a privilege extended the judgment debtor as a price of interdicting the validity of an order to pay money.

*Id.*

Orteck has not shouldered that burden on this record. Other than providing unsigned and unverified copies of tax returns, and asserting through counsel that it cannot afford to pay for a bond, Orteck merely offers to have a corporate designee or its certified public accountant testify as to the financial ability of the corporation to purchase a bond. It is not TransPacific's burden to disprove Orteck's claim of insolvency. Accordingly, the motion to stay will be denied.

**V. Conclusion**

For the foregoing reasons, the parties' joint motion for final judgment will be granted, Orteck's motion to seal will be granted in part, as to the tax returns attached to its motion to stay, and denied in part, as to its motion to stay and the

accompanying memorandum of law, and Orteck's motion to stay execution of the judgment and to waive the supersedeas bond during pendency of appeal will be denied.  A separate Order will follow.

                                                   /s/
                                 DEBORAH K. CHASANOW
                                 United States District Judge