IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TRANSPACIFIC TIRE & WHEEL,     :
INC.                           :
                               :
    v.                         :    Civil Action No. DKC 06-0187
                               :
ORTECK INTERNATIONAL, INC.     :
                               :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this commercial contract case is a motion to release property from judgment levy and enjoin Plaintiff from selling the property without prior approval (Paper 194) filed by Sanjeet Veen ("Veen"), individually. The issues have been fully briefed and the court now rules, no hearing being deemed necessary. *See* Local Rule 105.6. For the reasons that follow, Veen's motion will be denied.

**I.  Background**

On March 30, 2010, this court granted a motion filed by Plaintiff Transpacific Tire & Wheel, Inc. ("Transpacific") for summary judgment as to counts one, two, and eleven of Transpacific's amended complaint against Defendant Orteck International, Inc. ("Orteck"). (Papers 70, 71). The court

then entered judgment in the amount of $475,129.71 for breach of contract and $1,725,231.00 for conversion, plus prejudgment interest. (*Id.*). The court entered final judgment on those counts on July 13, 2010 and dismissed the remaining counts of the amended complaint without prejudice. (Papers 83, 84).

On August 6, 2010, this court issued a writ of execution ("the Writ") directing the U.S. Marshal to levy five vehicles owned by Orteck. (Paper 126). The U.S. Marshal served the levies by affixing them to two of the vehicles and hand delivering them to the home address of Sanjeet Veen, Orteck's registered agent, on August 31, 2010. The Marshal did not seize the vehicles.

Three of the vehicles – a 2007 Mercedes Benz, a 2006 Mercedes Benz, and a 1997 Chevrolet van – are titled in the names of Sanjeet Veen and Orteck. (Paper 194, at 11-13). A 2001 Lexus is titled to Harbhajan Veen and Orteck. (*Id.* at 14). The last vehicle, a 2004 Chevrolet van, is titled solely in Orteck's name. (*Id.* at 15).

Sanjeet Veen has now filed a motion that seeks a release of the levy on the five vehicles and asks the court to enjoin any sale of the vehicles based on the Writ. (Paper 194).

## II. Analysis

Veen's motion is fundamentally a motion to quash the Writ. "A motion to quash is a proceeding in the nature of a petition to the Court, without an appearance to the merits of the case, to dismiss the attachment on the ground that the proceedings are defective." *Cole v. Randall Park Holding Co.*, 201 Md. 616, 625 (1953). "An attachment is implemented by a writ of execution that is levied by the sheriff against specific property of a judgment debtor. Unless the property is released from the levy, it may be sold at a public sale, and the net proceeds, to the extent of the judgment lien, will be paid to the judgment creditor." *R&D 2001, LLC v. Rice*, 402 Md. 648, 663-664 (2008); *see also* Fed.R.Civ.P. 69(a)(1). State procedures govern the enforcement of a writ of execution. *See* Fed.R.Civ.P. 69(a)(1) (explaining that a money judgment is enforced by a writ of execution in accordance "with the procedure of the state where the court is located, but a federal statute governs to the extent it applies"). Because he brings this motion on behalf of himself (and not the judgment debtor, Orteck), Veen's motion is brought under Md. Rule 2-643(e), which governs the claims of third persons. *See Noor v. Centerville Bank*, 193 Md.App. 160, 164 n.1 (2010).

Here, the precise nature of Veen's challenge is almost indecipherable. He concedes Transpacific has the right to attach property held by Orteck, even when it is jointly held with a third party. (Paper 194, at 3-4). Veen nevertheless argues that "it appears from the face of the Writ issued, that there was no indication made to the court, that all but one vehicle were jointly held property." (*Id.* at 4). He stresses that the vehicles "have been levied against as if they are all solely held property of the judgment debtor," and describes what he believes to be the proper procedure for sale of the property. (*Id.* at 3). He then asks the court to release the levies and enjoin any sale of the presently attached vehicles.

Two of the vehicles at issue require little discussion. The 2004 Chevrolet van will not be released, as it is titled solely to Orteck. (Paper 194, at 15). Transpacific is indisputably entitled to levy against Orteck's personal property, including the van. *See* Md. Rule 2-641(a); Md. Code, Cts. & Jud. Proc. § 11-501; *Dodds v. Shamer*, 339 Md. 540, 544 (1995) ("[A] writ of execution may be exercised upon any legal or equitable interest possessed by the judgment debtor in either real or personal property."). In addition, the 2001 Lexus is titled to Orteck and Harbhajan Veen, Veen's mother. Veen has no

standing to seek the release of his mother's property because he holds no interest in that property; third parties (*i.e.*, parties other than the judgment debtor and the judgment creditor) may only seek the release of property under levy when they "claim[] an interest" in it. Md. Rule 2-643(e).

As for the other three vehicles, there is no justification for releasing the levies on any of them. Veen is correct that a judgment creditor can only levy on an interest in property actually held by the judgment debtor (*i.e.*, Orteck), which would exclude an interest held by Veen. *See, e.g.*, *Eastern Shore Bldg. & Loan Corp. v. Bank of Somerset*, 253 Md. 525, 530 (1969) ("A judgment creditor stands in the place of his debtor, and he can only take the property of his debtor, subject to the equitable charges to which it was liable in the hands of the debtor, at the time of the rendition of the judgment." (quotations omitted)). Yet that reality does not require the actual writ to list every possible ownership interest in the property to be attached, as Veen would seem to want – there is no apparent authority to support such a proposition. To the contrary, the principle that only the judgment debtor's interest is attached is so well understood that the reference to other interests in the text of the writ is simply unnecessary. *Cf.*

*Preissman v. Crockett*, 194 Md. 51, 56 (1949) (holding that participation of third party holding interest in levied property was unnecessary because attachment did not affect third party's interest). It is understood in this case that any purchaser would only acquire Orteck's interests in the vehicle – and there is no requirement that the Writ state in express terms what that interest is. The Writ states exactly what the law requires it to state: "(1) the judgment debtor's last known address, (2) the judgment and the amount owed under the judgment, (3) the property to be levied upon and its location, and (4) whether the sheriff is to leave the levied property where found, or to exclude others from access to it or use of it, or to remove it from the premises." Md. Rule 2-641.

Veen also cites several procedures and "safeguards" that he says must be put in place in the present action. None of the cited provisions are remotely relevant. Maryland Rule 12-401, for instance, governs partition actions. "The object of partition is a division of the property between the several co-tenants so as to put an end to the co-tenancy, and to vest in each person a sole estate in a specific part or allotment of the property." *Baltimore Gas & Elec. Co. v. Bowers*, 221 Md. 337, 347 (1960). Quite obviously, that has nothing to do with the

present case.  Veen cites Md. Code Ann., Real Prop. § 14-107, which governs only real property, not personal property.  He also cites Maryland Rules 14-303 and 14-305, but those rules by their terms do not apply sales of property under levy.  *See* Md. Rule 14-301.  Oddly, he does *not* look to *any* of the rules actually applicable to property under levy.

Finally, Veen cites *Koch v. Mack Int'l Motor Truck Corp.*, 201 Md. 562 (1953), for the proposition that "jointly held personal or real property for which there is a judgment against one or more of the co-owners, must be either partitioned or sold in lieu of partition, with the proceeds from the sale distributed according to ownership interest."  (Paper 194, at 2).  Even if this were the correct characterization of the case, it is unclear how that would justify quashing the Writ.  But Veen grossly mischaracterizes the case, which does not touch upon the issues in this case in any way.[1]  Like the statutory

---

[1] It is worth describing the *Koch* decision in full in order to illustrate better the total irrelevance of the decision to the present case.  *Koch* involved a replevin action brought by the lienholder and original purchaser of a truck.  *Id.* at 564-65.  The truck had been stolen and subsequently recovered by the Baltimore Police Department, which sold the truck at auction.  *Id.* at 567-69.  The court determined that the police did not provide adequate notice of the sale and did not exercise reasonable diligence in attempting to locate the owner.  *Id.* at 570-71.  The court also determined that certain illegal actions

provisions Veen cites, *Koch* provides no basis for quashing the Writ. As such, the Writ will stand and injunctive relief will be denied.

### III. Conclusion

For the foregoing reasons, Veen's motion to release certain property from judgment levy and enjoin Plaintiff from selling the property without prior approval will be denied. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge

---

taken by the truck's original owner did not affect the title. *Id.* at 573-74. Because the truck's original owner had stopped making payments on the truck, the lienholder held the exclusive right to possession under the mortgage agreement and judgment was appropriately rendered for that party. *Id.* at 574. The court also set out a basic principle for bringing replevin actions: "[w]henever personal property is held by copartners, joint tenants or tenants in common, they should join in replevin for its recovery; but where separate and distinct interests are held by several persons in goods, separate actions should be brought" *Id.* at 574.